17-3220 Thuong v. United States This case initially presented just a single issue to the court, which is one of statutory construction. However, the court has requested supplemental briefing on jurisdiction. I think it might be wise to start there. So the question the court posed in requesting supplemental briefing was whether the Real ID Act 1252A5 barred habeas review to challenge a removal order that in theory could have gone to the Court of Appeals and petitioned for review. I think there are several reasons that it wouldn't in this case, and that the court's recent decision in Gonzales-Ellar Conn is not apposite. Specific to the statute, Congress 1252 is exceedingly complex, not well written. But as I understand it, 1252A5 says that petitions to review deportation orders should go to Courts of Appeals in a petition for review. The problem is that 1252A5 doesn't talk about what to do with judicial order of removals, which are an exception to the standard. The standard is that immigration judges order removal. As you read through 1252, you can see that Congress was specifically talking about immigration judge removal orders. The venue section under 1252B2 talks about venue as where the immigration judge was sitting. Judicial orders of removal are not entered by an immigration judge, so that section wouldn't apply. Well, you have 1228 that speaks of language of notwithstanding any other provision and provides what would be the requirements that would govern judicial orders of removal, right? Yes. Now, we had a similar case recently, 2016, Ozana Gutierrez, where essentially they said that that language in there about immigration judges could be trumped because there was language that said notwithstanding any other provision, you should do X or Y. And in that instance, it was, I think, being trumped by, it doesn't, I don't know. Yes. In that case, the DHS had ordered him. Well, that's exactly right. And so why doesn't that same principle apply here? So the statute is poorly worded is the point I'm making. Well, that doesn't necessarily get to the point here. Okay. That's our problem. Yes. So the point I'm trying to make is that, and I think the best reference is the quotation in my supplemental brief from INS v. St. Cyr, that Congress carved out habeas review for people who are removable for criminal grounds. The reason is that people who are removable for criminal grounds cannot have the removal order reviewed by a court of appeals in a petition for review. That's at 1252A2C. Why is St. Cyr even relevant now? St. Cyr, the whole point of the REAL ID Act was to address certain problems that St. Cyr pointed out. And it did exactly that. I mean, you know, St. Cyr talked about the notion of not an available habeas substitute. And the REAL ID Act provided an available habeas substitute, which is found in subsection D. What I'm trying to drill down on is a specific quotation in St. Cyr where the court, as an aside, I think it's likely dicta, but the court pointed out that 1252A2C makes criminal grounds of removability not reviewable in courts of appeals and petitions for review. And the Supreme Court there said, therefore, habeas would still be available for a criminal ground of removability. St. Cyr wasn't a criminal ground of removability. So that's not what the case was about. But that quotation, which is the first quotation in my brief, is important because I think it speaks to Congress's intention. When Congress set out 1252 as sort of a zipper clause, courts have described it, and said all orders of removal need to go to courts of appeals and petitions for review, there are exceptions.  One is the Moussau case I cited in my brief. Which is unpublished. Which is unpublished. That's correct. It is. And on that point, I read Moussau not to decide the issue of jurisdiction, but to send it back to the district court to decide. Correct. So we didn't decide anything. And, in fact, there was quite lengthy dissent by Judge O'Brien taking the contrary position. So I'm not sure exactly how Moussau necessarily helps you a whole lot. Well, it could help us if the court decides to remand the case. I agree. One problem with what we're talking about here is that the district court didn't address whether it had jurisdiction or didn't address 1252. We don't have to remand, though, do we? I mean, it's a jurisdictional issue. We can decide that right now. It's question number one. You're right. Okay. I don't think the court has to. But I think Moussau is instructive because the majority opinion talks about things that you can't get out of an immigration judge. One thing that stands out to me is that every immigration adjudicator has the ability to reopen their own orders. There's a regulation for immigration judges to do it, for DHS to do it. But there's no mechanism to go back to a district court and ask them to reopen their order. And that's where we think habeas still has to lie. And why would that be? I mean, the only case you cite in your brief was that chicken case, I think, from Oklahoma, which, I mean, talked about interlocutory orders, and it was an interlocutory order. I mean, here you don't have an interlocutory order. The order is done. And so the question is, I mean, why should this convoluted, as it may be, elaborate mechanism, why isn't Congress spoken in a way that this whole jurisprudential principle of being able to reconsider your orders, who cares? I mean, the point is Congress is telling us what should be done. The fact that the district court can't post-judgment go back and review its order as opposed to the interlocutory order situation, I don't – I'm not sure I understand why that should be persuasive. It's persuasive to me because there's no other mechanism for a person in Ms. Dong's position to seek review of her order of removal. Her mechanism was a petition for review. So I think there are more reasons, and we can skip back to that one, why a petition for review was not available. One of them is the statute is inconsistent with, well, for example, the federal rules of appellate procedure. They say file your – any appeal of a criminal order, you file it in district court. That's Rule 4B1. Couldn't she have filed a petition, though, in 2012 after the denaturalization and deportation order? I don't think she could have because it was a criminal order. It came from a criminal court, and the federal rules say those orders need to be appealed in district court. That's why in our supplemental briefing we wanted to be clear what your position was on that. This is not a criminal order as you have defined it. Your position has been that this judicial order removal was a civil order. You took that position both – you hinted at that position in your earlier briefing. You took that position explicitly in your supplemental briefing. And so what difference does it make whether it was – what the criminal rules say? You were governed by the civil rules as it relates to this matter. I don't think the rules say that. I strongly take the position this is a civil order. Well, then why should you be governed, then, by the criminal rules as it relates to this matter? Because you read appeal. Because the Rule 4B talks about orders arising out of criminal court. There's no language in that rule that says other than orders that could be later deemed civil. I do believe it is civil. It is not part of the sentence. It's not part of the judgment. But I – there is no rule that I can find that says you ought to take this kind of removal order arising out of a criminal court and take it to a court of appeals in a petition for review. But if you categorize it as a civil order removal, then you look at the statute and the statute tells you clearly what you should do with such an order. I don't think 1252 tells you clearly what one should do. I think it says removal orders ought to be taken to courts of appeals in a petition for review. But it also says criminal grounds of removability are not reviewable in a court of appeals on a petition for review. That's 1252A2C. That's the language quoted in St. Cyr. And I know I keep coming back to it, and St. Cyr wasn't about that. But the reason habeas still exists, and that quotation says habeas still exists for criminal grounds of removability, is if you go to federal court of appeals, if I filed a direct appeal to the Tenth Circuit, this case would have gone directly to the Tenth Circuit and said, petition for review, please review removability. The Department of Justice would have argued, 1252A2C, the court lacks jurisdiction to review removability because it's a criminal ground of removability. I think Congress intended judicial removal orders not to be filed, not to be appealed through petitions of review, because Congress specifically carved out habeas jurisdiction for removability under 1227A2A. What do you do with the language in subsection C of except as provided in subparagraph D? I mean, the point is, even if they had argued that you could not proceed in a petition for review, why isn't this, why could you not seek to review this constitutional, well, not constitutional, but this legal issue under subsection D? It's not clear to me. I mean, you've got a provision, what is it, 1225, that explicitly says where you go when you have a judicial order of removal. Then you have 1228, which tells you that if you've got an issue of law, that's where you go, right? 1228 doesn't say that. Okay. Let me pull up 1228 again. All right. What provision are you talking about then? I'm talking about 1252A2C that says, notwithstanding other sections, removability under 1227A2, it says no court shall have jurisdiction to review removability under 1227A2A. Except as provided in subparagraph D. And I don't have that in front of me. Well, that's the provision I'm talking about. Isn't subsection D, though, the habeas petition? No. Subsection D says judicial review of certain claims. And it says notwithstanding nothing in subparagraph B or C or in any other provisions of this chapter shall be construed as precluding review of constitutional claims or questions of raised on a petition for review filed with the appropriate court of appeals. But that still wouldn't give her complete relief because it only lets her raise legal issues and constitutional issues. She can't challenge the factual question of whether she's removable. What other issue are you raising here? You're raising a jurisdictional issue, right? That's a legal issue. She could have raised factual issues in an appeal about whether she was removable at all. No, but we're talking about this appeal. And this appeal was an appeal based upon the courts having jurisdiction below to do what it did. Correct. That's a legal issue. That issue would have been covered by this provision, so she could have used it conceivably. I mean, I'm not – and there's no – it seems to me that there would clearly be a basis to do that. Right? I'm not certain. There are no cases on this question. And I understand that this puts the Court in a tough position. There are no cases that say a judicial order of removal has to go to a court of appeals and petition for review. I think the statute is sufficiently unclear that the rule of lenity or whichever of the rules that the Court should – and especially given that the district court did not address this issue, at a minimum, the Court should remand for the district court to address whether it has jurisdiction. And we really struggled with this in Gonzales-Alarcon. I was on that panel on, you know, a very difficult case about – under these convoluted statutes where a putative citizen would go to claim, you know, she was excluded from the act because of her citizenship. And, you know, and that rose in the habeas context, and we concluded that we were – that she was barred under, you know, because of D-5. But she had other avenues, was, you know, the ultimate conclusion. That's what stood out to me about Gonzales-Alarcon, too, is that the Court said, look, you can always go back to DHS and file a motion to reopen. And if they don't reopen, you could always petition for review. You always have that later out. You could always go back to federal court if the agency declines to reopen. Right. In the judicial removal context, it's – it just stands as quite bizarre to me that Congress would intend that there to be no mechanism now after the fact to say, wait, the district court didn't even have subject matter jurisdiction over this case. Because every other context that a removal arises, there's a way to go back to the agency and say, you guys messed up. And our simple argument is that that should be – that I think that's clear enough in the statute that the Court should have acted. I'd like to reserve the rest of my time. You may. Thank you very much. Good morning, Your Honors. May it please the Court. My name is Jared Magin. I represent the United States in this matter. Good morning. I don't think there's any doubt that there's some confusion with this case. But at its core, the Petitioner is seeking review of a stipulated judicial order of removal. And the government's position that it's – this is clearly covered under 1252A5 because this Court is the sole reviewing authority from that stipulated judicial order. What if there's a challenge to the subject matter jurisdiction? Why should the Real ID Act kick in there to defeat some sort of review? And if so, do we get into a suspension clause problem? Judge Phillips, I think that if you look at this – at the issue of suspension, it has to be an inadequate or ineffective process. This Court is certainly able to review that process just as well as the district court would under the circumstances if they were to bring a substantive challenge to the issue. And so I don't think that there is a real question as to whether or not the suspension clause is applicable here under the circumstances. I think under that hypothetical, the government's position is that there is no suspension clause issue tied to a substantive question under that circumstance. What substantive question? What do you mean substantive question? Tied to what substantive question? Well, I'm assuming that the substantive question posed in the hypothetical is as to whether or not the lower court had jurisdiction. Okay. And I think the question becomes is can this Court make the decision on that particular point of law as to whether or not the district court in Kansas had jurisdiction to address this particular issue. Okay. And our position is that this Court certainly has and can sit to answer that question. Our position, of course, is the REAL ID Act prevents – Well, that wasn't your position initially, was it? Well, no, because everyone unfortunately and embarrassingly missed the whole REAL ID Act issue from the beginning. Only when it rose to this level was the issue – did the issue surface. The lower court missed it. The government missed it. And the defense certainly didn't – wasn't obligated to raise it, but the government certainly missed it below. Only at this point was it raised. But I think this Court certainly can address procedurally whether or not the lower court had jurisdiction. And our position is very clear on that, that the statute – Congress very clearly said that all removal orders are to – if anyone wants to challenge that, all removal orders are to be reviewed by the courts of appeal. And that seems fairly straightforward. Congress says what it means and means what it says under those circumstances. And I – it appears the petitioner is simply trying to sort of intertwine or graft certain provisions within each of the – each of the provisions of Chapter 12 to try to get the court to believe that the Congress somehow, though not explicitly, somehow broadened its authority to allow people to – or aliens to bring habeas petitions before the district courts. Particularly when you look at the specifics of this case with a stipulated judicial removal order, I think it's a much harder case for the petitioner to argue that the lower court somehow had jurisdiction to review that order again. She wanted it. Should she have appealed it in 2012? Yes, she should have. And we set that forth in the – Mr. Hoppeck said, well, then you would have come up – when you came up here, you would have argued that we had no – No jurisdiction. No jurisdiction on the removal issue. I can appreciate the catch-22 that that might have created under the circumstances. But let's – So you agree that's what you would have argued? Well, I think it's – I think that's a fair statement. I think that's a fair statement that we certainly would have availed ourselves of that provision under the statute. If the court wanted to send it back to determine whether or not that particular part of the act was applicable, then it could have done that. But that's not the question before the court today. But under the hypothetical, to be candid, yes, we would have availed ourselves of that. How does a petitioner get out of the catch-22? I don't know. I don't know because in this case, she asked for what – she asked for this specific result. She wanted to be deported as part of the agreement. And so it's hard for the government to somehow fall back and say that she has an avenue when she created the problem to begin with, when she asked for deportation as a part of the plea agreement. But she asked for that, and there was a plea agreement. I understand all of that. And she has counsel, and she's relying on her counsel, who apparently didn't represent her well on these points. Why can't she now say – why can't she say to us that she challenges the district court's subject matter jurisdiction, not on facts, not on I'm a citizen or something like that in Gonzalo's dollar con, but instead the four corners of the document. And we look at that, and then we turn back to 1227, 8-1 and 8-2, and we recognize that only 8-2 is covered in the portion of 1228 C-5, or excuse me, C-4, and impute that to C-5 and say there is no subject matter jurisdiction. And so the Real ID Act does not intend to deprive that person of an appearance here on subject matter jurisdiction. When we're talking about – we can just look at a piece of paper. If we agree, we peek back and we look at the removal order and we see that it was under 1227 A-1 instead of A-2. And if we say, yes, indeed, subparagraph C-5 requires that, and that's not what was presented to the district court, why can't we fix that? There's a lot to unpack there, so let me begin with this. I think the conduit for that type of a claim would have to come through 2255 as an ineffective assistance of counsel claim. I'm not sure she can bury that ineffective assistance of counsel claim in a claim now under 2241 to try to get the court to address whether or not she was either given poor advice on this particular issue or not. To the issue of whether or not the 1227 issue is really in play here, you have to look, I think, at 1228 C-2B. Remember, this is a – and I think you have to sort of mirror those two up. 1228 C-2B, of course, is a situation wherein the government only moves itself for a deportation order. You do not have the defendant wishing to do that. Of course, that's distinct – the distinct difference is in 1228 C-5, of course, which is this case, is the defendant disagreeing to that. Again, in that context, for her to prevail, for her to at least get through the first gate, she would have to say, I didn't understand because my lawyer gave me poor advice. I didn't understand what I was signing when I did this. So you have to get through that first gate, I think, in order for the second gate to be open to determine whether or not the district court had jurisdiction to address whether or not she could even raise the issue before she brought it here. But again, backing up to our original position, I think, at least from the jurisdictional standpoint, there is not an inadequate remedy for this court to answer that question. And I know it sounds as if we really don't have the question or the answer to the Catch-22 because that is a very unique situation. And I think it highlights some of the problems that this particular statute creates with somebody who falls into this position. But falling back to 1228 C-5, it's very clear that in a stipulated judicial removal order, 1252 A-5 covers those orders directly because it says any order under this chapter. Congress would have understood that when it said that to have this court review that, a removal order under this chapter, which I think gets back to Chief Judge Tempevich, your question is she was obligated to then appeal that order within the period of time allotted to her after the removal order was issued by Judge Melbrick. And that really was her time frame. And we highlight that in our footnote, that she has really lost her ability to challenge that because that was the time frame when she had to do it. Did I understand you correctly to indicate to Judge Phillips that she might have the potential for a 2255? No, that was the conduit that she would have to use. She's out of time for a 2255. Well, could she raise a 2255 at all given 1252 C? If she wanted to somehow claim an ineffective assistance of counsel argument with respect to that particular order, I think within one year of that being issued, she could have gone back and said under 2255, I didn't agree to this stipulated order because my lawyer told me X. I think she could have done that. Why wouldn't that be subject to the same restriction on habeas that brings us here to have a jurisdictional issue now? The time limitations? No, not the time limitations, but the whole ability to challenge the removal order at all. I mean, the statute that causes this issue to begin with is 1252 C. C in 1252 C says notwithstanding any other provision of law and any other habeas provision, you can't challenge except in a court of appeals. That's absolutely true. So why would that not apply to 2255 too? For purposes of this Court's review, I think it would. But if she just simply wanted to challenge and say that my plea was... Well, then maybe I'm misunderstanding. Because it seems to me that if she goes to the district court and says, I want to challenge based upon 1225 ineffective assistance of counsel, 2255, I'm sorry, why wouldn't the district court look at this provision, which, you know, it did in the first time, but why wouldn't it look at this provision and say, well, I'm sorry, I don't have jurisdiction to do this? Because the only relief you had was in the court of appeals. And this may be where the confusion is, Judge Holmes. I think that the argument would have to be that the removal order was so closely tied to the plea that you could not divorce the two. The 2255 would be a move to withdraw the plea for ineffective assistance of counsel. And therein lies, you could not then separate the removal order from the actual plea itself. So she would be really challenging the plea agreement under 2255, which gives her the allotted time to do that within one year, which would then... Vitiate the removal order. It has to, because you simply couldn't divorce the two. But, again, it gets back to the issue of timeliness. She lost that particular period of time to file that claim under 2255. Again, our position is she lost the ability to file under 1252A5, or at least have this court review the petition, or the removal order by petitioning this court. Those times have passed. Again, our position is, is that these issues that she raises are simply academic. I think the court can look at what Congress has said with respect to, and what this court said in Gonzales-Alarcon, is that all petitions move through this court. I understand and certainly can appreciate some of the issues that are raised as to whether or not the lower court could review some of these habeas matters. But, in our opinion, those are academic. It's not this case. What about opposing counsel's citation to Moussaou, Carlson, our decision there, and what we did there? Why shouldn't we apply that remedy? Right. And I'm glad you raised that, because I made a note of that. Moussaou really carries no weight under the circumstances here, because, remember, Moussaou was looking at a very nuanced issue under CATOC, under the transnational organized crime provision, as to whether or not that would have applied. This court was very clear to say that everything before the court was premature, that it needed some more guidance from the lower court to determine whether or not jurisdiction actually existed outside of this, whether or not CATOC provided some level of jurisdiction for the It said nothing with respect to what it said in Gonzales' outer column, which is far more relevant. Well, why wouldn't CATOC be another provision that would be covered by the restriction on seeking relief through habeas in a district court in that context, too? And that's certainly what Judge O'Brien felt in dissent. And, well, maybe I'm misreading it, but I thought that Judge O'Brien, at least in my opinion, Judge O'Brien's position was, is that this was allowing, broadening out the parameters of the Real ID Act beyond its borders. My understanding, at least my reading of Judge O'Brien's, was that really the Real ID Act covered that case. Well, that's exactly the point. I'm saying Judge O'Brien took the position that the district court didn't have jurisdiction. We could decide it, and the matter was done. And so what I'm asking you is, are you saying that that's the view you adopt? Yes. Okay. Yes. Very candidly, that is the view we adopt. We very clearly believe that Judge O'Brien's dissent is more relevant to this case, because much like what he is saying, the Petitioner here is trying to broaden out the Real ID Act to cover her situation. And we believe that the statutes very clearly are in our favor with respect to what they've said about what this Court's review standard is. And I will respect or forfeit the balance of my time, which is none. Zero. Thank you. Thank you, Counsel. We appreciate your argument. Mr. Oppik, you had 2 minutes and 36 seconds. Thank you. I'll try to be brief. I want to focus on one of the things Mr. Mag mentioned. In response to the questions about what could she have done, and if she had taken a petition for review, I think candidly he agreed that they would have come and argued the Court lacked jurisdiction under 1252. And Mr. Mag described that as a catch-22. That is a classic scenario where habeas has to still exist. Is it really a catch-22? She agreed to deportation. I mean, shouldn't we take that into account? I don't think so. Why does she need a remedy? She's agreed to the outcome. Yeah, I mean, so there's a lot more stuff briefed in our briefs about why the stipulation doesn't necessarily get her, doesn't seal the deal. We can start with the plea agreement. One of the problems is that the plea agreement is so indeterminate, if you look at page 7, paragraph 10 of the plea agreement, it says there will be later deportation proceedings and that your deportation is going to be determined by somebody in a later proceeding. That's the agreement she signed, and although at the top it says we're ordering you removed as part of this plea agreement, it also says some other judge is going to get to decide this and we can't tell you if you'll be deportable or not. To me, the plea agreement is suspect. But on the issue of stipulation, you can never stipulate that a court has subject matter jurisdiction when it doesn't, and you can also never waive the issue of subject matter jurisdiction even if you don't raise it at trial. And so I don't know that the stipulation gets her all that far. I understand the government's argument that we had a deal and you're not keeping up your end of the deal. The difficulty is the court didn't have jurisdiction. And so if it is a catch-22, if there really isn't any relief she could have gotten, and I think, candidly, the government has conceded she wouldn't have been able to raise this issue in a court of appeals on a petition for review and be able to claim that the court had jurisdiction, I think that's the problem. I don't think that's what the government said. The government said it would challenge it under subsection C. That doesn't mean the government would win, and it doesn't mean it should win. Well, that's true. That's true. The government says they would have taken the position, they would have availed themselves of this argument, the 1252c5, I believe, makes the – strips the court of jurisdiction to determine whether she's removable or not. And, of course, the court could have disagreed, but both parties are saying she couldn't – the court would have had jurisdiction – would not have had jurisdiction. Or we could have agreed and maybe that's the unusual situation where the suspension clause kicks in and we would find that maybe in those unique circumstances habeas is the only vehicle. I think that's right. And the example that was raised – I'm sorry, I'm out of time, man. Finish. Finish your thoughts. The example that was raised about ineffective assistance claim under 2255, I think Judge Holmes, you're exactly right. She couldn't have brought one of those either if 1252 is in place because all claims have to go to the court of appeals. And yet, how does somebody bring a claim like that in the court of appeals without first filing a motion to reopen? Because the Board has said under this matter of Lozada, we all know how to do motions to reopen for ineffective assistance of counsel. There's no mechanism for that in this situation because there's no motion to reopen at judicial orders of removal other than through habeas. Okay. Thank you. Thank you. Counsel, I appreciate your arguments. Counsel, excuse the case shall be submitted.